IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.:  1:21cr418-RAH |
| | ) |
| GLEN BARFIELD | ) |

**<u>ORDER</u>**

This Court set a final revocation hearing for October 29, 2024.  On October 18, 2024, the Government and the Defendant filed the Joint Motion to Impose Judgment and Waiver of Final Revocation Hearing.  (Doc. 40.)  The Defendant expressly waived the right to a final hearing.  (*Id.*)

The parties agree that the violation alleged in the July 1, 2024 Petition for Revocation of Supervised Release, (Doc. 27), is a Grade C violation.  The applicable criminal history category is I. The applicable guideline range is therefore 3-9 months with a statutory cap of 24 months. U.S. Sentencing Guidelines Manual § 7B1.4.  They further agree that the nature and circumstances of the violation and the history and characteristics of the Defendant warrant a sentence of 6 months of incarceration with 4 years of supervised release to follow.  For the following reasons, the Court will accept the parties' agreement, grant the revocation petition (Doc. 25), revoke the Defendant's term of supervision, and

sentence him to 6 months of incarceration with 4 years of supervised release to follow.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the Rule, the Defendant is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2). The rule also provides that revocation hearings can be waived by a defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2) (emphasis added). *See also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule). Given this rule, the Court is satisfied that Defendant Barfield's waiver is sufficient for this Court to proceed without a revocation hearing.

Accordingly, it is

ORDERED as follows:

1. To the extent the Defendant requests the cancellation of the revocation hearing, the Joint Motion, (Doc. 40), is GRANTED;

2. The revocation hearing set for October 29, 2024, is CANCELLED;

3. The Court accepts the parties' agreement as set forth in the Joint Motion, (Doc. 40), and Defendant Barfield's waiver of his right to a revocation hearing, (*Id.*);

4. Based on the Defendant's plea of guilty as to Violations 1, 2, and 3, the Court finds that the Defendant violated special conditions of the terms of supervised release, specifically that he should not possess a device that can access the internet. (Doc. 25, Violations 1, 2 & 3.)

5. Based on the Government's agreement, (Doc. 40 at 2), Violation 4 is DISMISSED;

6. The Petition to Revoke Supervised Release (Doc. 25) is GRANTED;

7. The Court finds that this violation is a Grade C violation in the U.S. Sentencing Guidelines, that Defendant Barfield's criminal history category is I, and that the guideline range for imprisonment is 3 to 9 months;

8. Having considered and consulted the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' agreement, **it is the**

**judgment of the Court that Defendant Barfield is committed to the custody of the Federal Bureau of Prisons to be imprisoned for 6 months. Upon release from imprisonment, there will be 4 years of supervised release.**

9. The following special conditions of supervised release shall be followed: 1) the Defendant shall participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer; 2) the Defendant shall have no contact with children under the age of 18 unless approved by the probation officer; 3) the Defendant shall refrain from entering any place where children normally congregate without the written approval from the Court; 4) the Defendant shall not possess any form of pornography, sexually stimulating or sexually oriented material depicting children under the age of 18. Defendant shall not enter any location where such pornography or erotica can be accessed, obtained, or viewed; 5) the Defendant shall not possess or use a computer or any device that can access the internet. Defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are

imposed on him; 6) the Defendant shall submit to a search of his person, any property, house, residence, vehicle, papers, other electronic communications or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of condition of supervised release or unlawful conduct and by any probation officer in the lawful discharge of the officer's supervision functions; and 7) the defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing to determine whether defendant has reverted to the use of drugs and shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

10. The Court understands that Defendant Barfield is already in the custody of the U.S. Marshal Service.

DONE, on this the 21st day of October 2024.

*[signature]*

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE